UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

LEVON SMITH,

                      Plaintiff,

    – against –

CITY OF NEW YORK, et al.,

                   Defendants.

------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/09

04 Civ. 3286 (TPG)

**ORDER**

      At a conference on May 4, 2009, the court ruled that plaintiff may continue deposing Detective James South for a reasonable period of time, and that plaintiff may conduct discovery into the basis for the May 23, 2003 search of plaintiff's business by deposing Detective William Kern and obtaining state court records related to the search.  The court also ordered plaintiff to inform defendants, in writing, whether he has any documents responsive to defendants' requests for information concerning plaintiff's economic damages and medical history that have not yet been produced.

      The parties have now submitted letters to the court concerning various discovery disputes.

      Defendants seek reconsideration of the court's order that Detective Kern be produced for a deposition or, in the alternative, an order limiting the scope of such a deposition to matters concerning the

- 2 -

May 23, 2003 search.  Plaintiff opposes the motion for reconsideration, but has not opposed the limitations on the scope of the deposition.  Because the court finds that Detective Kern's testimony is relevant to the matters alleged in the complaint, defendants' motion for reconsideration is denied.  However, the deposition should be limited to matters concerning the May 2003 search.

Defendants have also requested entry of a protective order requiring confidential treatment of records pertaining to the arrest and prosecution of Andrew Jones.  Plaintiff has not responded directly to this request, although he has stated that Jones previously claimed to have "nothing to gain by keeping [the records] confidential."  Defendants, however, note that Jones has not unconditionally waived any privacy and confidentiality interests that he may have in these records.  The court therefore finds that there is good cause for entering the proposed protective order.

Finally, plaintiff states that defendants have not produced a copy of the sworn statement and accusatory instrument used by the police to obtain a warrant for the May 2003 search.  It appears that defendants had resisted this production until the entry of the protective order discussed above.  Since the protective order is being signed concurrently with this order, defendants are directed to promptly produce these documents to plaintiff.

SO ORDERED.

- 3 -

Dated: New York, New York
      May 29, 2009

                                                                   Thomas P. Griesa
                                                                   U.S.D.J.